**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

**v.**                  **CASE NO. 4:13-CR-00289-BSM-1**

**ROMEO HALL**                                           **DEFENDANT**

**ORDER**

Romeo Hall's motion to appoint counsel [Doc. No 69] is granted, and his motion to vacate, set aside, or correct sentence under 28 U.S.C. section 2255 [Doc. No. 70] is denied.

Hall argues that his conviction must be vacated because the government did not prove in its indictment that he knew he was a convicted felon. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). His guilty plea, however, waived any challenges to the indictment that are not jurisdictional. *See United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) ("A guilty plea waives all defects except those that are jurisdictional" and a defective indictment is not a jurisdictional issue.) (internal quotations omitted).

Hall has also procedurally defaulted on challenging whether his plea was knowing and voluntary because he did not raise this issue on direct appeal. *See Dejan v. U.S.*, 208 F.3d 682, 685 (8th Cir. 2000) (well-settled that defendant cannot collaterally attack validity of guilty plea if issue not raised on direct appeal); *Bousley v. U.S.*, 523 U.S. 614, 621–622 (1998) (only way to avoid procedural default is to show cause and prejudice or actual innocence). He has not alleged, nor can he establish, either prejudice or actual innocence. He does not assert that

1

he would have gone to trial, rather than plead, had he known about this requirement, and he admitted he had prior felony convictions when he pled guilty.

IT IS SO ORDERED this 15th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE